# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3800

_____

Yun Jin Jiang,      *
     *
     Petitioner,      *
     *    Petition for Review of an
     v.      *    Order of the Board of
     *    Immigration Appeals.
John Ashcroft, Attorney General      *
of the United States,      *    (UNPUBLISHED)
     *
     Respondent.      *

_____

Submitted: October 22, 2004
Filed: December 2, 2004

_____

Before LOKEN, Chief Judge, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Yun Jin Jiang, a citizen of China, petitions for review of an order of the Board of Immigration Appeals, which affirmed an Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture. Jurisdiction being proper under 8 U.S.C. § 1252(b), this court denies her petition.

Jiang presents three issues to this court. First, she challenges the IJ's and the BIA's adverse credibility findings. This court reviews such credibility findings for substantial evidence, and defers to an IJ's adverse credibility finding if supported by specific, cogent reasons for disbelief. *See Nyama v. Ashcroft*, 357 F.3d 812, 817 (8th Cir. 2004).

In this case, the IJ and the BIA discredited Jiang's testimony about the central aspects of her asylum claim: specifically, her contradictory testimony regarding when her husband left China, and her claimed ignorance of his current whereabouts – both of which relate to her alleged abortion and separate pregnancies.

The IJ and the BIA also found Jiang's documentary evidence deserved little or no credibility because: 1) she failed to lay an adequate foundation for how she acquired the documents; 2) the documents were not certified pursuant to 8 C.F.R. § 287.6; and 3) the U.S. Department of State's "1998 Profile of Asylum Claims and Country Conditions for China" established that documents from southeast China, where Jiang's documents purportedly originate, are subject to widespread fraud and fabrication.

The IJ and the BIA did not err in their credibility findings. The decision on Jiang's asylum application is supported by substantial evidence.

Second, Jiang contends that during the investigation into the authenticity of the medical certificate she submitted, the Immigration and Naturalization Service breached her right to confidentiality under 8 C.F.R. § 208.6, preventing the admission into evidence of the INS's investigative report. Under 8 C.F.R. § 208.6, the INS has an obligation to protect the confidentiality of asylum applicants. "Information contained in or pertaining to any asylum application ... shall not be disclosed without the written consent of the applicant . . . ." 8 C.F.R. § 208.6(a) (2004). "The

confidentiality of other records . . . that indicate that a specific alien has applied for asylum shall also be protected from disclosure . . . ." 8 C.F.R. § 208.6(b) (2004).

Here, there is no evidence that during the investigation the INS informed the Chinese government that Jiang was seeking asylum. The INS's investigation did not violate the regulation, nor did the IJ err in admitting the INS's report into evidence.

Third, Jiang argues that the BIA violated her due process rights guaranteed by the Fifth Amendment by not giving her notice of the briefing deadline for the appeal to the BIA.

To prevail on a claim alleging a violation of due process, prejudice must be shown. *Shoaira v. Ashcroft*, 377 F.3d 837, 843 (8th Cir. 2004). This requires a demonstration that defects in the deportation proceedings may well have resulted in a deportation that would not otherwise have occurred. *Al Khouri v. Ashcroft*, 362 F.3d 461, 466 (8th Cir. 2004). Jiang failed to demonstrate the requisite prejudice. The BIA did not violate her right to due process.

Accordingly, this court denies Jiang's petition.

_____